IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CARLEY CANTWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>PEACEHEALTH,<br><br>    Defendant. | Case No. 6:17-cv-01385-MK<br>**ORDER AND OPINION** |

AIKEN, District Judge:

Magistrate Judge Mustafa Kasubhai has filed his Findings and Recommendation ("F&R") (doc. 60) recommending that defendant's Motion for Summary Judgment be DENIED. This case is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's F&R, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert denied,* 455 U.S.

PAGE 1 – ORDER

920 (1982). Defendant has filed timely objections (doc. 62), and plaintiff has filed a timely response. (doc. 63). Thus, I review the F&R *de novo*.

In this diversity action, plaintiff brings a claim for employee whistleblower retaliation pursuant Or. Rev. Stat. § 659A.199. Defendant argues that the Magistrate Judge erred because no reasonable jury could find that PeaceHealth's reliance on its health-record retention policy was a pretextual reason for discharging plaintiff. This Court disagrees. Having reviewed the F&R and briefing in this case, the Court finds no error in F&R's conclusion that there is evidence in record showing a genuine issue of material fact as to whether defendant's explanation for firing plaintiff was pretextual.

Thus, I adopt Magistrate Judge Kasubhai's F&R (doc. 60) in its entirety. Accordingly, defendant's Motion for Summary Judgment (doc. 27) is DENIED. Further, plaintiff's Motion to Withdraw Deemed Admissions (doc. 57) is DENIED for the reasons set forth in the F&R.

IT IS SO ORDERED.

Dated this 24th day of January, 2020.

Ann Aiken
United States District Judge